UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENDA CAPEZUTTO, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>CARE BIG, LLC AND CHRISTY HANING, INDIVIDUALLY,<br><br>DEFENDANTS | § § § § § § § § § § § § § § § | CA No. 3:26-cv-843 |

### PLAINTIFF'S ORIGINAL COMPLAINT

#### Summary of Lawsuit

Care Big, LLC and Christy Haning ("Defendants") have a business plan that includes not paying their hourly employees overtime premiums for any hours worked more than forty per workweek. Defendants' failure to pay these employees overtime premiums as required by law allows them to gain an unfair advantage over competitors who follow the law in their employment practices. Brenda Capezutto ("Plaintiff") is one of the employees hired by Defendants as an hourly caregiver who was not paid overtime premiums and brings this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

#### Facts Supporting Relief

#### Allegations Related to the Claims of Plaintiff and those Similarly Situated

1. Plaintiff worked for Defendants as a caregiver from approximately June 2024 until February 2026. As a caregiver, Plaintiff's duties included, but were not limited to, providing care to Defendants' clients in their residences.

2. During the time she worked for the Defendants, Plaintiff regularly worked more than 40 hours per week.

3. Defendants paid Plaintiff on an hourly basis, but they only paid Plaintiff straight time for all hours worked over 40 per workweek.

4. Plaintiff worked with other similarly situated individuals. These similarly situated individuals performed the same or similar duties as Plaintiff.

5. These similarly situated individuals also regularly worked over 40 hours per workweek, and they were also paid only straight time for all hours worked over 40 per workweek.

6. Defendants were legally required to pay Plaintiff and all other similarly situated workers overtime premiums for all hours over 40 in any workweek.

7. Defendants' underpayment of Plaintiff and other similarly situated workers, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to competitors that pay their employees in compliance with the FLSA.

8. Defendants' supervisory personnel were aware of the overtime hours that Plaintiff and those similarly situated worked and for which they were not paid.

9. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiff and other similarly situated workers. Such practice was and continues to be a clear violation of the FLSA.

**Allegations Regarding FLSA Coverage**

10. Care Big, LLC is a Texas limited liability company that is covered by and subject to the overtime requirements of the FLSA.

11. During each of the three years prior to this complaint being filed, Care Big, LLC was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

12. During each of the three years prior to this Complaint being filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

13. During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

14. During each of the three years prior to this complaint being filed, Plaintiff and Defendants' other employees used or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were made or manufactured outside the state of Texas.

### Allegations Related to Similarly Situated Workers

15. Defendants' failure to pay Plaintiff and other similarly situated workers as required by the FLSA resulted from a generally applicable policy that did not depend on the personal circumstances of those similarly situated; that is, Defendants had a policy and practice of paying Plaintiff and those similarly situated on an hourly basis without paying them overtime premiums for any hours worked over 40 per workweek. This generally applicable policy is prohibited by the FLSA. Plaintiff's experience is thus typical of the experiences of those similarly situated to Plaintiff.

16. Those similarly situated to whom notice should issue in this matter are properly defined as:

> **All individuals working for Defendants as caregivers (or performing the same or similar duties as caregivers, regardless of their specific title) during the three-year period preceding the filing of this Complaint, who were paid hourly, worked over 40 hours in at least one workweek and who did not receive overtime premiums for such hours.**

17. The Court should order Defendants to provide contact information for all similarly situated workers to Plaintiff's counsel and allow them to send notice to such individuals so that those individuals will receive notice about this lawsuit and have an opportunity to opt in.

## Cause of Action

### Violation of the FLSA -- Failure to Pay Overtime Wages Owed

18.     Defendants violated the FLSA by failing to pay Plaintiff overtime premiums for all hours she worked over 40 per workweek.

19.     Plaintiff has suffered damages as a direct result of Defendants' illegal actions.

20.     Defendants are liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA.

21.     Defendants were fully aware of their obligations to pay overtime yet continued to knowingly violate the FLSA's requirements.

## <u>Parties</u>

22.     Brenda Capezutto is an individual residing in Texas.  Her consent form is attached hereto.

23.     Defendant Care Big, LLC is a Texas limited liability company and an "employer" of Plaintiff as defined by the FLSA. Defendant Care Big, LLC may be served through its registered agent, Christy Haning, 12695 County Road 2922, Eustace Texas 75124.

24.     Christy Haning is an individual who is the owner/manager of Care Big, LLC and may be served at 12695 County Road 2922, Eustace Texas 75124 or wherever else she may be found.

25.     Christy Haning individually employed Brenda Capezutto.

26.     Christy Haning was an employer of Brenda Capezutto as defined by 29 U.S.C. §203(d).

27.     Christy Haning acted directly or indirectly in the interest of Care Big, LLC, in relation to Brenda Capezutto's employment.

28.     Christy Haning exercised managerial responsibilities and substantial control over individuals who performed work for Care Big, LLC, including Brenda Capezutto.

29. Christy Haning exercised managerial responsibilities and substantial control over the terms and conditions of those performing work for Care Big, LLC, including the terms and conditions of Brenda Capezutto's employment.

30. Christy Haning had and exercised her authority to hire, fire and direct those performing work for Care Big, LLC, including Brenda Capezutto.

31. Christy Haning had and exercised her authority to supervise and control the employment relationships and work schedules of those performing work for Care Big, LLC, including Brenda Capezutto.

32. Christy Haning had and exercised her authority to set and determine the rate and method of pay of those performing work for Care Big, LLC, including Brenda Capezutto.

33. Christy Haning had and exercised authority to decide whether those performing work for Care Big, LLC, including Brenda Capezutto, received overtime compensation and were paid according to their promised rates for all hours worked.

34. Christy Haning also kept and maintained employment records for those individuals performing work for Care Big, LLC, including Brenda Capezutto.

## Jurisdiction and Venue

35. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants are located in this district, Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

36. Plaintiff demands a trial by jury.

## Prayer for Relief

Plaintiff demands the following:

1. Issuance of notice as soon as possible to all similarly situated workers who worked more than 40 hours in a workweek and who were paid on an hourly basis during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform

them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;

2. Judgment against Defendants, jointly and severally, for an amount equal to Plaintiff's and the similarly situated workers' unpaid overtime wages at the applicable rate;

3. An equal amount to the overtime wage damages as liquidated damages;

4. Judgment against Defendants that their violations of the FLSA were willful;

5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

6. All costs and attorney's fees incurred prosecuting these claims;

7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**WELMAKER LAW, PLLC**

505 E. Magrill St.
Longview, Texas 75601
Tel: (512) 799-2048

By: */s/ Douglas B. Welmaker*
Douglas B. Welmaker
Texas State Bar No. 00788641
doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**